# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE GALE GROUP, INC., | ) | CASE NO. 3:09-CV-2092 (PCD) |
|     Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | |
| JOSEPH BUCCI and JENNIFER CERNY, | ) ) | |
|     Defendants, | ) ) | |
| and | ) ) | |
| JACK WILLIAMS (AKA JOHN AND J.J. WILLIAMS), | ) ) ) | |
|     Defendant/Counter-Plaintiff. | ) | |

**DEFENDANTS BUCCI, WILLIAMS AND CERNY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT,
RELIANCE ON JURY DEMAND AND DEFENDANT WILLIAMS' COUNTERCLAIM
AGAINST PLAINTIFF THE GALE GROUP, INC.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come Joseph Bucci, Jack Williams and Jennifer Cerny (collectively referred to herein as "Defendants"), by and through their attorneys, and in response to Plaintiff's Complaint state as follows:

### NATURE OF ACTION

1. Defendants deny the allegations in Paragraph 1 for the reason that they are untrue.

### THE PARTIES

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4 to the extent that they assert that Defendant Williams was the recipient of monies misappropriated from Plaintiff. Defendants admit that Defendant Williams received payment from Plaintiff for services performed for Plaintiff. Defendants also admit that Defendant Williams resides and works in Culver, Indiana.

5. Defendants deny the allegations in Paragraph 5 to the extent that they assert that Defendant Cerny was the recipient of monies misappropriated from Plaintiff. Defendants admit that Defendant Cerny resides in Culver, Indiana.

### JURISDICTION AND VENUE

6. Defendants contend that allegations in Paragraph 6 are conclusions of law and not fact; hence, no answer is required.

7. Defendants contend that allegations in Paragraph 7 are conclusions of law and not fact; hence, no answer is required.

8. Defendants deny that tortious acts were committed. However, Defendants do not contest the jurisdiction of this Court.

9. Defendants deny the allegations in Paragraph 9 for the reasons that they are untrue. However, Defendants do not contest the jurisdiction of this Court.

10. Defendants deny the allegations in Paragraph 10 for the reasons that they are untrue. However, Defendants do not contest the jurisdiction of this Court.

## BACKGROUND

11. Defendants admit the allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12 as untrue.

13. Defendants deny the allegations in Paragraph 13 as untrue. Defendants do admit that Defendant Cerny received compensation for her research and writing services for the Humanities Projects pursuant to the terms and conditions of the parties' agreement.

14. Defendants deny the allegations in Paragraph 14 as untrue. Defendants do admit that Defendant Williams received compensation for his research and writing services for the Humanities Projects, pursuant to the terms and conditions of the parties' agreement.

15. Defendants deny the allegations in Paragraph 15 as untrue.

16. Defendants deny the allegations in Paragraph 16 to the extent that they characterize the invoices as false or suggest that Bucci intentionally misled Plaintiff.

17. Defendants deny the allegations in Paragraph 17 as untrue.

18. Defendants deny the allegations in Paragraph 18 as untrue.

19. Defendants deny the allegations in Paragraph 19 as untrue.

20. Defendants deny the allegations in Paragraph 20 as untrue. Defendants have provided Plaintiff with over 1,000 pages of documents drafted by Defendants Williams and Cerny. Moreover, Plaintiff has not made any demand for repayment.

21. Defendants deny the allegations in Paragraph 21 as untrue. Defendant Bucci gave gift cards to employees and vendors who were doing a good job during the holiday season, which would have included mail room personnel, UPS drivers, and other vendors, not his family or friends.

22. Defendants deny the allegations in Paragraph 22 as untrue.

23. Defendants deny the allegations in Paragraph 23 as untrue.

24. Defendants deny that Defendants engaged in misconduct. Defendants admit that Gale terminated Bucci's employment.

25. Defendants deny the allegations in Paragraph 25 as untrue. To the extent that Paragraph 25 contains conclusions of law and not fact, no answer is required.

**FIRST CAUSE OF ACTION FOR FRAUD**
**(AS TO ALL DEFENDANTS)**

26. Defendants reallege and incorporate by reference their Answers to Paragraphs 1 through 25 as though fully set forth herein.

27. Defendants deny the allegations in Paragraph 27 as untrue.

28. Defendants deny the allegations in Paragraph 28 as untrue.

29. Defendants deny the allegations in Paragraph 29 as untrue.

30. Defendants deny the allegations in Paragraph 30 as untrue.

31. Defendants deny the allegations in Paragraph 31 as untrue.

32. Defendants deny the allegations in Paragraph 32 as untrue. To the extent that Paragraph 32 contains conclusions of law and not fact, no answer is required. Defendants deny that Plaintiff is entitled to an award for damages for the allegations alleged in this count. Defendants admit that Williams was paid around $144,000 and Cerny was paid around $30,000 for their work for Gale.

## SECOND CAUSE OF ACTION FOR CONSTRUCTIVE FRAUD
## (AS TO BUCCI ONLY)

33. Defendant Bucci realleges and incorporates by reference the Answers to Paragraphs 1 through 32 as though fully set forth herein.

34. Defendant Bucci admits to the allegations in Paragraph 34.

35. Defendant Bucci denies the allegations in Paragraph 35 as untrue.

36. Defendant Bucci denies the allegations in Paragraph 36 as untrue.

37. Defendant Bucci denies the allegations in Paragraph 37 as untrue.

38. Defendant Bucci denies the allegations in Paragraph 38 as untrue.

39. Defendants deny the allegations in Paragraph 39 as untrue. To the extent that Paragraph 39 contains conclusions of law and not fact, no answer is required. Defendant Bucci denies that Plaintiff is entitled to an award for damages for the allegations alleged in this count.

## THIRD CAUSE OF ACTION FOR CONVERSION
## (AS TO ALL DEFENDANTS)

40. Defendants reallege and incorporate by reference their Answers to Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants deny the allegations in Paragraph 41 as untrue. Plaintiff never made a demand for return of monies from Defendants.

42. Defendants deny the allegations in Paragraph 43 as untrue. To the extent that Paragraph 42 contains conclusions of law and not fact, no answer is required. Defendants deny that Plaintiff is entitled to an award for damages for the allegations alleged in this count.

### FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT
### (AS TO ALL DEFENDANTS)

43. Defendants reallege and incorporate by reference their Answers to Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 as untrue. To the extent that Paragraph 44 contains conclusions of law and not fact, no answer is required. Defendants deny that Plaintiff is entitled to an award for damages for the allegations alleged in this count.

### FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY
### (AS TO BUCCI ONLY)

45. Defendant Bucci realleges and incorporates by reference the Answers to Paragraphs 1 through 44 as though fully set forth herein.

46. Defendant Bucci admits that he was an employee of Plaintiff and that he owed a duty of loyalty to Plaintiff. Defendant denies the allegations in this paragraph to the extent that they suggest that Bucci violated his fiduciary duties.

47. Defendant Bucci denies the allegations in Paragraph 47 as untrue.

48. Defendant Bucci denies the allegations in Paragraph 48 as untrue. To the extent that Paragraph 48 contains conclusions of law and not fact, no answer is required. Defendant Bucci denies that Plaintiff is entitled to an award for damages for the allegations alleged in this count.

### SIXTH CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD
### (AS TO ALL DEFENDANTS)

49. Defendants reallege and incorporate by reference their Answers to Paragraphs 1 through 48 as though fully set forth herein.

50. Defendants deny the allegations in Paragraph 50 as untrue.

51. Defendants deny the allegations in Paragraph 51 as untrue.

52. Defendants deny the allegations in Paragraph 52 as untrue.

53. Defendants deny the allegations in Paragraph 53 as untrue.

54. Defendants deny the allegations in Paragraph 54 as untrue to the extent that they suggest that Defendants' work was not legitimate. Defendants admit that Cerny and Williams were paid around $174,000 for their work on the Humanities Project.

55. Defendants deny the allegations in Paragraph 55 as untrue. To the extent that Paragraph 55 contains conclusions of law and not fact, no answer is required. Defendants deny that Plaintiff is entitled to an award for damages for the allegations alleged in this action.

## SEVENTH CAUSE OF ACTION FOR STATUTORY THEFT
## (AS TO ALL DEFENDANTS)

56. Defendants reallege and incorporate by reference their Answers to Paragraphs 1 through 55 as though fully set forth herein.

57. Defendants deny the allegations in Paragraph 57 as untrue.

58. Defendants deny the allegations in Paragraph 58 as untrue. To the extent that Paragraph 58 contains conclusions of law and not fact, no answer is required. Defendants deny that Plaintiff is entitled to an award for damages for the allegations alleged in this action.

WHEREFORE, Defendants Joseph Bucci, Jack Williams and Jennifer Cerny request that the Court dismisses Plaintiff's Complaint in its entirety and award Defendants their attorneys' fees and costs for the necessity of defending this matter.

Respectfully submitted,
NACHT & ASSOCIATES, P.C.

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (phv03828)
Lead Counsel for Defendants/Counter-Defendant
101 North Main Street, Suite 555
Ann Arbor, MI 48104
Phone: (734) 663-7550

Fax: (734) 663-7550
E-Mail: jsalvatore@nachtlaw.com

Dated: February 22, 2010

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants, Joseph Bucci, Jack Williams and Jennifer Cerny, by and through their attorneys, Nacht & Associates, P.C., state the following as their affirmative defenses:

1. Plaintiff's claims fail to state a cause of action.

2. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

3. Plaintiff's Complaint fails to allege and plead fraud or misrepresentation with the required specificity and particularity.

4. Plaintiff's claims are barred by the doctrine of waiver in ways including, but not limited to, the fact that Plaintiff has knowingly and repeatedly failed to enforce any alleged internal rules, regulations, policies or procedures.

5. Plaintiff's claims are barred by the doctrine of equitable estoppel.

6. Plaintiff's claims are frivolous and Defendants will be entitled to sanctions as a result.

7. Plaintiff was negligent and said negligence was the sole or contributing cause of any damages alleged by Plaintiff. Therefore, Plaintiff's claims should be reduced or denied in whole as a result of Plaintiff's negligence.

8. In the unlikely event that any contract or agreement entered into between Plaintiff and Defendants is found to be void or unenforceable, then Defendants are entitled to retain the amounts previously paid to them as the value of services rendered. The benefit to Plaintiff was

equal to or exceeded the amount paid to Defendants pursuant to the doctrines of unjust enrichment and quantum meruit.

9. Plaintiff and its employees and agents defamed the Defendants by publicly alleging false, defamatory, and stigmatizing statements including, but not limited to statements that Defendants intentionally and maliciously misdirected funds; Defendants stole money from Plaintiff; and Defendants submitted false invoices for illicit and improper reimbursements. All said statements were false when made, known to be false when made, or made maliciously and/or recklessly with the intent that Defendants suffer damages as a proximate result, Defendants have suffered damages including, but not limited to impairment of their reputation in the community and in the business community, all to the financial and economic disadvantage of the Defendants, and all as more fully described in Defendants' Counterclaim. Defendants assert their damages as a set off to any claimed damages by Plaintiff herein.

Defendants reserve their right upon completion of investigation and discovery, to file such additional defenses or delete defenses as may be appropriate.

                Respectfully submitted,
                NACHT & ASSOCIATES, P.C.

                /s/ Jennifer B. Salvatore
                Jennifer B. Salvatore (phv03828)
                Lead Counsel for Defendants/Counter-Defendant
                101 North Main Street, Suite 555
                Ann Arbor, MI 48104
                Phone: (734) 663-7550
                Fax:  (734) 663-7550
                E-Mail:  jsalvatore@nachtlaw.com

Dated: February 22, 2010

## RELIANCE ON JURY DEMAND BY DEFENDANTS

Defendants Joseph Bucci, Jack Williams and Jennifer Cerny hereby rely on the demand for trial by jury in this action.

Respectfully submitted,
NACHT & ASSOCIATES, P.C.

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (phv03828)
Lead Counsel for Defendants/Counter-Defendant
101 North Main Street, Suite 555
Ann Arbor, MI 48104
Phone: (734) 663-7550
Fax:  (734) 663-7550
E-Mail:  jsalvatore@nachtlaw.com

Dated: February 22, 2010

## DEFENDANT JACK WILLIAMS' COUNTERCLAIMS AGAINST PLAINTIFF THE GALE GROUP, INC.

Now Comes Counter-Plaintiff Jack Williams ("Counter-Plaintiff"), by and through his attorneys, and for his Counterclaims against Counter-Defendant The Gale Group, Inc. ("Counter-Defendant"), states as follows:

1. Counter-Plaintiff Jack Williams is a resident of Culver, Indiana.  Mr. Williams has an extensive educational background including degrees in Fine Arts, English Literature, Art History and Law.

2. Counter-Defendant The Gale Group, Inc. is a corporation organized and existing under the laws of the State of Delaware with a place of business in Stamford and Woodbridge, Connecticut.

3. The amount in controversy exceeds $75,000.00 and this Court has subject matter jurisdiction over the counterclaim.

4. Venue is proper in this Court under 28 U.S.C. §1391(a).

5. These counterclaims arise out of a contract between Counter-Plaintiff Jack Williams and Counter-Defendant The Gale Group, Inc.

6. Pursuant to the terms of the contract, Jack Williams was to perform research and writing to develop a Humanities Project for the benefit of The Gale Group, Inc.

7. The Gale Group, Inc. agreed to compensate Jack Williams for his time and efforts to develop a Humanities Project. The anticipated compensation included potential royalty payments upon publication.

8. As a result of his research and writing, Counter-Plaintiff provided Counter-Defendant with approximately 1,000 pages of content for the Humanities Project.

9. Counter-Defendant prematurely and in bad faith stopped the Humanities Project prior to its completion, preventing Williams from completing his work on the project.

10. As a result, Counter-Defendant was denied the opportunity to fully benefit from his work, as was anticipated under the contract.

## COUNT ONE – BREACH OF ORAL OR IMPLIED CONTRACT

11. Counter-Plaintiff restates all of the prior allegations as if fully set forth herein.

12. Counter-Plaintiff and Counter-Defendant entered into an oral contract for Williams to develop the Humanties Project.

13. Counter-Plaintiff provided services and met his obligations under the terms of the contract with Counter-Defendant.

14. Counter-Defendant has acted in a manner contrary to the terms of the Contract by failing to compensate Counter-Plaintiff the full amount owed to him for his work on behalf of Counter-Defendant.

15. Counter-Defendant's failure to fully compensate Counter-Plaintiff under the terms of the contract caused damage to Counter-Plaintiff in an amount to be proven at trial.

16. Counter-Defendant prevented Counter-Plaintiff from completing his work on the Humanities Project.

17. Counter-Plaintiff was further harmed by his inability to share in the revenues of the product to be marketed due to Gale's conduct in prematurely ending the contract.

18. Counter-Plaintiff has been harmed as a result of Counter-Defendant's conduct and its failure to abide by the terms of the Contract.

WHEREFORE, Counter-Plaintiff Jack Williams respectfully requests that this Court enter a judgment against Counter-Defendant Gale Group, Inc. ordering specific performance, monetary damages, and/or all other relief to which he is entitled including costs, interest, and attorney fees.

Respectfully submitted,
NACHT & ASSOCIATES, P.C.

/s/ Jennifer B. Salvatore
Jennifer B. Salvatore (phv03828)
Lead Counsel for Defendants/Counter-Defendant
101 North Main Street, Suite 555
Ann Arbor, MI 48104
Phone: (734) 663-7550
Fax: (734) 663-7550
E-Mail: jsalvatore@nachtlaw.com

Dated: February 22, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2010, a copy of foregoing Defendants Joseph Bucci, Jack Williams and Jennifer Cerny's Answer and Affirmative Defenses to Plaintiff's Complaint, Reliance on Jury Demand and Defendant Jack Williams' Counterclaims Against Plaintiff The Gale Group, Inc. was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

        Respectfully submitted,
        NACHT & ASSOCIATES, P.C.

        /s/ Jennifer B. Salvatore
        Jennifer B. Salvatore (phv03828)
        Lead Counsel for Defendants/Counter-Defendant
        101 North Main Street, Suite 555
        Ann Arbor, MI 48104
        Phone: (734) 663-7550
        Fax: (734) 663-7550
        E-Mail: jsalvatore@nachtlaw.com

Dated: February 22, 2010